United States District Court
Southern District of Texas
**ENTERED**
October 14, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SAMUEL MOLINA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:22-CV-00154 |
| | § | |
| NUECES COUNTY SHERRIFFS DEPARTMENT, | § § § | |
| | § | |
| Defendant. | | |

## ORDER ADOPTING MEMORANDUM & RECOMMENDATION

Before the Court is Magistrate Judge Julie K. Hampton's Memorandum and Recommendation ("M&R"), entered on September 19, 2022. (D.E. 8). The M&R recommends that the Court dismiss the case pursuant to Federal Rule of Civil Procedure 41(b) for want of prosecution and/or failure to comply with Court order. *Id.* at 2; *see Long v. Simmons*, 77 F.3d 878, 879 (5th Cir. 1996) (Rule 41 permits a district court to *sua sponte* dismiss an action for failure to comply with court order); *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (Rule 41 permits a district court to *sua sponte* dismiss a claim for failure to prosecute).

Specifically, the M&R discusses Plaintiff Samuel Molina's failure to submit an application to proceed *in forma pauperis* along with a certified copy of his inmate trust fund account statement. (D.E. 8, p. 1). The parties were provided proper notice of, and the opportunity to object to, the Magistrate Judge's M&R. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); General Order No. 2002-13. No objection has been filed.[1] When no timely objection has been filed, the district court

---

[1] On October 11, 2022, Plaintiff filed a letter indicating that he had "received a letter from [Judge] Hampton showing that the case against [the defendant] **could be up for dismissal** because [he] didn't send the inmate trust fund or fill out the in forma pauperis [form]." (D.E. 9, p. 1) (emphasis added). Plaintiff stated that he did fill out the *in forma pauperis* form and did send his inmate trust fund. *Id.* However, there is no evidence in the record of this. Moreover, upon reviewing Plaintiff's letter, the Court finds it does not state any objections to the M&R. Rather, it appears Plaintiff is referring to the Magistrate Judge's D.E. 7 show cause

need only determine whether the Magistrate Judge's M&R is clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam); *Powell v. Litton Loan Servicing, LP*, No. CIV. A. H-14-2700, 2015 WL 3823141, at *1 (S.D. Tex. June 18, 2015).

Having carefully reviewed the proposed findings and conclusions of the Magistrate Judge, the filings of the parties, the record, and the applicable law, and finding that the M&R is not clearly erroneous or contrary to law, the Court **ADOPTS** the M&R in its entirety. (D.E. 8). The Court **DISMISSES without prejudice** Plaintiff's complaint pursuant to Rule 41(b). (D.E. 1). The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED.

_____
DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Dated: Corpus Christi, Texas
October 14, 2022

---

order. Even if Plaintiff's letter could be construed as objecting to the M&R, such objections would be untimely. Plaintiff's objections were due October 3, 2022, and Plaintiff's letter is dated October 5, 2022. (D.E. 9); *see Thompson v. Raspberry*, 993 F.2d 513, 515 (5th Cir. 1993) ("a pro se prisoner's written objections to a magistrate's report and recommendations must be deemed filed and served at the moment they are forwarded to prison officials for delivery to the district court.").